

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOLLY GROUP, LTD., | ) |
| Plaintiff, | ) No. 03 C 9390 |
| v. | ) Suzanne B. Conlon, Judge |
| MEDLINE INDUSTRIES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Jolly Group, Ltd. ("Jolly") sued Medline Industries, Inc. ("Medline") for breach of contract. The amended complaint was subsequently dismissed and Medline moved for sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. The court referred the sanctions motions to the magistrate judge for a report and recommendation. Before the court are the parties' objections to the magistrate judge's January 31, 2005 report and recommendation sanctioning Jolly's counsel pursuant to 28 U.S.C. § 1927.

## BACKGROUND

### A. Procedural History

The parties do not challenge the magistrate judge's factual findings and they are adopted here.[1] *See Espinoza v. Northwestern Univ.*, No. 02 C 7563, 2004 U.S. Dist. LEXIS 1203, *2-3 (N.D.

---

[1] The magistrate judge's factual findings were taken from this court's June 4, 2004 memorandum opinion and order on Jolly's motion to reconsider. *See* Dkt. Nos. 52-1 at 2; 23-1; 38-1.

1

Ill. Jan. 28, 2004). A truncated recitation of the facts and procedural history is warranted, however, to understand the bases for the recommended sanctions award.

Jolly sued Medline in December 2003, contending Medline breached the parties' contract. In February 2004, Medline moved to dismiss the complaint as failing to allege the existence of a valid contract and because the statute of frauds barred enforcement of the purported oral contract. Instead of responding to the motion, Jolly amended the complaint. Upon receipt of the amended complaint, Medline's counsel sent a letter to Jolly's counsel, Michael J. Rovell, pointing out factual inconsistencies between Jolly's original and amended complaints. Medline warned that a Rule 11 motion would be served if the amended complaint was not withdrawn within seven days. The next day, March 26th, Medline moved to dismiss the amended complaint. On April 15th while the district court was considering the motion to dismiss the amended complaint, Medline served, but did not file, a Rule 11 motion on Jolly. Jolly did not withdraw the amended complaint. Instead, Jolly filed a response to Medline's motion to dismiss the amended complaint.

On April 30, 2004, the amended complaint was dismissed with prejudice. Two weeks later, Medline moved for sanctions pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Jolly did not respond to the sanctions motions, but moved for reconsideration of the dismissal and for leave to file a second amended complaint. On June 4, 2004, the motions for reconsideration, for leave to file a second amended complaint and for Rule 11 sanctions were denied. Section 1927 sanctions were imposed on Rovell. The court determined that despite Medline's warnings, Rovell had in bad faith asserted multiple, contradictory versions of events regarding the parties' negotiations and at least four different purported contracts for the purpose of bringing a baseless breach of contract claim.

On June 18th, Rovell moved to vacate the sanctions order, claiming that he was denied due process because he had not had an opportunity to respond before the sanctions order was entered. Medline responded with a supplemental motion for sanctions, arguing Rovell's continued perpetuation of the action warranted expansion of the sanctions order. After a hearing was held on Rovell's motion, the sanctions portions of the June 4th order were vacated. The court found Rovell had received adequate notice that Medline would seek sanctions and the factual basis for Medline's sanctions motions, but the court found that a briefing schedule should have been set to allow Rovell the opportunity to respond. Medline's motions for Rule 11 sanctions, § 1927 sanctions, and supplemental request for sanctions were then referred to the magistrate judge for a report and recommendation.

## B. Magistrate Judge's Report and Recommendations

On January 31, 2005, after considering briefs and hearing oral argument, the magistrate judge issued a report and recommendation on the sanctions motions. *See* Dkt. No. 52-1. The magistrate judge recommended Medline's motion for Rule 11 sanctions be denied because Jolly had not received the full benefit of the 21 day safe harbor period, and that the supplemental motion for sanctions be denied because the motion to vacate was partially meritorious. *Id.* at 8-11, 22. Further, the magistrate judge specifically determined Medline should not recover for its litigation costs resulting from its sanctions motions. Quoting this court's August 9, 2004 order, the magistrate judge concluded Medline "initiated and vigorously pursued three sanctions motions; attendant costs should have been foreseen." *Id.* at 20.

With respect to the § 1927 motion, the magistrate judge found:

> Rovell's conduct in advancing legal arguments as divided into two time periods: Before and after the District Judge's decision to dismiss the amended complaint with prejudice. Until that decision, Rovell's theories, reflected in the first complaint and the amended complaint, had not been judicially rejected. The line between strong advocacy and vexatious conduct is not always bright. In this court's view, sanctions under § 1927 should not be imposed on Rovell *solely* for advancing unsuccessful legal theories in the complaint and amended complaint. (Rovell's conduct other than advancing a legal position is discussed below).
>
> On the other hand, Rovell's conduct after the district court's April 30, 2004 order rejecting those theories is a different matter. Rovell fails to explain how he could seriously have thought that his motion to reconsider would be successful or that Jolly would be granted leave to file a second amended complaint after the case had been dismissed with prejudice.

*Id.* at 14 (internal quotation and citations omitted). The magistrate judge determined that Rovell failed to address this court's June 4th criticism of the motion for reconsideration and the proposed second amended complaint. To the extent Rovell addressed the motion to reconsider, the magistrate judge found the motion was improperly filed for purposes of "perfecting" the appellate record. "Rovell's filing of the motion to reconsider and for leave to file a second amended complaint was clearly vexatious and unreasonable, needlessly prolonging the litigation." *Id.* at 15.

Further, the magistrate judge found Rovell's "deplorable sloppiness in assembling Jolly's pleadings, combined with his disingenuous explanations" evidenced extremely negligent, reckless and indifferent conduct that demonstrated bad faith and justified sanctions under § 1927. *Id.* at 15-17. The magistrate judge recommended that Medline be awarded excess costs incurred from the motion to reconsider and the proposed second amended complaint because "that conduct cannot be excused as vigorous advocacy." *Id.* at 19. While Medline did not file responsive pleadings to either filing, Medline's counsel examined the pleadings, explained them to his client, and prepared to respond. Therefore, the magistrate judge determined Medline should recover attorneys' fees for four

4

hours of attorney time in dealing with the motions. Finally, the magistrate judge determined Rovell should be imposed a nominal sanction of $450.00 for wasting the court's time and resources by unreasonably and vexatiously filing the motion to reconsider and proposed second amended complaint.

## DISCUSSION

### I. Legal Standard

"In reviewing a magistrate judge's report and recommendation, the district court must make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Hegna v. Islamic Republic of Iran*, No. 02 C 8643, 2003 U.S. Dist. LEXIS 25795, *4 (N.D. Ill. Dec. 5, 2003); Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions. *Id.*

### II. Objections

Neither party objects to the recommended: (1) denial of Rule 11 sanctions; (2) denial of costs associated with the sanctions motions; (3) denial of supplemental sanctions associated with Rovell's motion to vacate; or (4) the sanctions award of $450.00 to the Clerk of the Court. Those recommendations are therefore adopted.

Rovell objects that the motion to reconsider is an inappropriate basis for § 1927 sanctions because he had a proper motive for moving for reconsideration and because Medline did not move for sanctions based on the motion for reconsideration. Rovell further objects his mistaken references to exhibits, characterized by the magistrate judge as "sloppiness," are an inappropriate basis for sanctions because his erroneous references did not multiply the proceedings and were not made in

5

bad faith. Medline, in turn, objects that an award of only the cost of four attorney hours is unsupported by the magistrate judge's factual findings, is insufficient to compensate Medline in light of Rovell's conduct, and is insufficient to deter or punish Rovell's sanctionable conduct. The parties' objections must be rejected.

Section 1927 provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." A court has discretion to impose § 1927 sanctions when an attorney has acted in an "objectively unreasonable manner" by engaging in a "serious and studied disregard for the orderly process of justice," or where a "claim [is] without a plausible legal or factual basis and lacking in justification." *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994) (citation omitted). Sanctions are appropriate where "counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims or counsel otherwise showed indifference to statutes, rules, or court orders." *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184-85 (7th Cir. 1992). An attorney's objectively unreasonable intent may be inferred from a total lack of factual or legal basis for the suit. *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 795 (7th Cir. 1983). The Seventh Circuit interprets § 1927 "to impose a continuing duty upon attorneys to dismiss claims that are no longer viable." *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, n.6 (7th Cir. 1990).

On June 4th, this court determined Rovell's conduct, particularly his advancement of ever changing positions, his shell-game treatment of key documents, and his continued pursuit of the litigation, warranted § 1927 sanctions. That determination was vacated because this court did not have the benefit of considering Rovell's response to the allegations against him. The magistrate

judge had the benefit of Rovell's subsequent briefs and oral argument and found § 1927 sanctions warranted. The magistrate judge found Rovell recklessly assembled Jolly's pleadings, failed to correct or bring his alleged mistakes to the attention of counsel and the court, and provided disingenuous explanations (such as blaming an associate attorney in his office) for the errors. Rovell pursued a baseless amended complaint and, although the amended complaint may be viewed as zealous advocacy, Rovell certainly crossed the line by seeking to file a second amended complaint that changed course yet again, in the face of sanctions motions and after the case had been dismissed with prejudice.

Rovell's objections attempt to dilute the seriousness of his actions by breaking them apart one by one and arguing none of them independently warrants sanctions. Rovell misses the point. His actions as a whole and his pursuit of the proposed second amended complaint after the claims were clearly not viable, reflect a disregard for orderly process and warrant § 1927 sanctions. Further, Rovell's contention that the motion to reconsider and proposed second amended complaint cannot form the basis for sanctions because they were not the subject of Medline's sanctions motion and he thus did not have notice of them, must be rejected. The court put Rovell on notice of the sanctionable nature of those filings in the June 4th order. The issue was raised in oral argument before this court on Rovell's motion to vacate, and again in oral argument before the magistrate judge. Dkt. Nos. 46-1, Ex. 1 at 18; 51-1, Tr. at 13-17. Rovell cannot credibly claim he had no notice that the motions to reconsider and for leave to file a second amended complaint may be considered in the sanctions analysis. Accordingly, the court adopts the magistrate judge's report and recommendation that § 1927 sanctions are warranted.

While Rovell's behavior over the course of litigation gives rise to sanctions, sanctions may be awarded only for excess costs incurred on account of multiplied proceedings. 28 U.S.C. § 1927; *Pacific Dunlop Holdings*, 22 F.3d at 120. Fortunately for Rovell, this case did not progress very far. Setting aside the sanctions motions, Medline's only filings included two motions to dismiss. Because the second motion to dismiss was successful, the case was terminated. An amended complaint is typically allowed as a matter of course and can hardly be considered a filing that unreasonably multiplies proceedings. *See* Fed. R. Civ. P. 15. Accordingly, Medline cannot recover fees for moving to dismiss the amended complaint because those fees are routine litigation costs that were not incurred solely because of Rovell's misconduct. Perhaps Medline spent an inordinate amount of time compiling its response to the amended complaint because of Rovell's changing positions. Medline believes Rovell's improper conduct during early proceedings would be disregarded if Medline does not recover all costs associated with the lawsuit. Medline fails to recognize however, that Rovell's conduct was fully considered and gave rise to imposition of § 1927 sanctions. The only proceedings that were unreasonably multiplied because of Rovell's conduct were the motions to reconsider and for leave to file a second amended complaint. Despite Rovell's contentions, those motions were filed improperly and without a reasonable basis.[2]

Medline is entitled to recover costs pertaining to these two motions. At oral argument before the magistrate judge, Medline's counsel asserted he dealt with the motions to reconsider and to file a second amended complaint, even though no responsive filing was required, by examining them, explaining them to his client, and by preparing to respond. The magistrate judge agreed that counsel

---

[2] In ruling on the motions, the court noted Rovell's arguments were disingenuous, the standard governing motions to reconsider was ignored, and the proposed second amended complaint did not cure defects that resulted in the original dismissal. *See* Dkt. 23-1 at 5-7.

for Medline's actions were reasonable and determined four hours - two hours for each motion - is reasonable recoverable time for those activities. This court agrees. Although Medline generally objects that four hours is insufficient and was determined arbitrarily, it fails to establish that it spent more than four hours on these two motions or to provide an alternative amount. Accordingly, the court adopts the magistrate judge's recommendation that Medline be awarded fees for four hours spent by Medline's lead attorney in this case.

## CONCLUSION

For the foregoing reasons, the parties' objections to the magistrate judge's January 31, 2005 report and recommendations are overruled. This court adopts the report and recommendation in full. Michael J. Rovell is sanctioned pursuant to 28 U.S.C. § 1927 to pay: (1) $450.00 to the Clerk of the Court; and (2) to Medline, attorney's fees for four hours of time spent by Dan J. Hofmeister, Jr., at Hofmeister's regular rate as of May 2004.

March 14, 2005                                ENTER:

                                                                    Suzahne B. Conlon
                                                                     United States District Judge